PULLMAN *vs.* THE MAYOR, ALDERMAN AND COMMONALTY
OF THE CITY OF NEW YORK.

The corporation of the city of New York are not authorized, since the passage
of the act of the legislature, of May 4, 1866, (*Laws of* 1866, *ch.* 876,) to
contract for lighting the city with gas, for a period beyond one year, nor for an
amount larger than the sum appropriated by that act to the specific purpose
of lighting the streets for the year 1866.

A contract on the part of the corporation which is to extend over a period
of twenty years, though void, would, if made, confer rights of property, and
the fact of its having been entered into might present embarrassment in the
way of its being subsequently set aside. The preventive remedy by injunc-
tion may therefore be adopted, under such circumstances.

THIS action was brought by the plaintiff, a member of the
common council of the city of New York, against the
mayor and common council of said city, and Charles G.
Cornell, street commissioner, to restrain them from proceed-
ing under a resolution of the said common council, passed
July 10, 1866, in the following words, viz.:

"*Resolved*, That the street commissioner be and he is here-
by authorized and directed to make a contract for lighting
all the streets, avenues, roads, squares, parks, public build-
ings, and places of the city of New York, with coal gas,
such contract to be founded on sealed bids or proposals, and
to be made with the company giving adequate security, to
be approved by the comptroller in the manner provided by
law, which shall agree to do the same for the lowest price
for each lamp or light per annum, or quantity, when it can
be measured according to existing regulations, and affording
to such company sufficient time to lay their mains and
introduce gas as required by the contract. The provisions
of the contract last made and executed with the Manhattan
Gas Company, as far as practicable, shall be embodied in
the contract made in pursuance of this resolution, and the
term during which the same is to continue shall be for the
same number of years as that contract. Any resolution or
ordinance inconsistent with this resolution is hereby repealed."

An affidavit setting forth the following facts was present-

ed by the plaintiff, to Justice BARNARD, viz : That the term for which the contract contemplated by the resolution would be made would be twenty years (that being the term of the Manhattan Gas Company contract;) that by the act of May 4, 1866, (*Laws of* 1866, *ch.* 876,) the legislature appropriated $763,745 to pay for lighting the public lamps of the city of New York for that year ; that no other sum was ever appropriated for such lighting, for a greater period ; that by the 9th and 10th sections of the same act, the common council were prohibited from making a contract for such lighting, for a longer period than one year ; that the passing of said resolution was a violation of law and their duties, by said common council, and the making of the contract so directed to be made would be illegal, and any such contract, so made, would be void ; that the making of a contract for twenty years, at a price to be fixed now, would deprive the city of any benefit flowing from competition in the gas business and from a fall of price ; that it was designed to make such contract for the price of $50 or more for each public lamp, which would amount to about $1,200,000 per year, which is wasteful and extravagant ; that the corporation of New York is a *limited* corporation, restricted by several charters and acts of the legislature, among them the act aforesaid ; that the common council of said city is, and the members thereof are, *trustees* of the property of such corporation, and that the plaintiff is a member of said common council, and is a *co-trustee* with the other members of said common council, and that he and they are bound in law and equity to protect and preserve the said property to the people of the said city, who are the beneficiaries of said trust ; that the plaintiff protested and voted against said resolution, before it was adopted by the common council, for the above reasons ; that the said contract was not yet made, but the street commissioner was about to advertise for proposals ; that the payments under such contract would be made from the taxes levied, and other of such trust property.

The plaintiff prayed the equitable intervention of the court for the protection of the trust property from the contemplated waste by the trustees, the common council.

Upon this affidavit, Justice BARNARD granted a preliminary injunction, which was served on a majority of the members of the common council, on the mayor, and on the street commissioner.

The plaintiff subsequently moved, before the same justice, for an order making the injunction perpetual. This was opposed by the defendants, who read an affidavit made by Wm. M. Tweed, deputy and acting street commissioner, stating that there were no contracts existing for the lighting of the city with gas; that the corporation was liable for such charges as the gas companies saw fit to impose; and that they were obliged to pay a much larger sum than if a contract were made therefor.

*Charles Tracy* and *Joseph F. Daly,* for the plaintiff.

*Richard O'Gorman,* for the defendants.

GEO. G. BARNARD, J. The act of 1866, (*Laws of* 1866, *vol.* 2, *p.* 2056,) authorizes the supervisors of the county of New York, to raise by taxation certain sums, for certain specific objects, and among others, the sum of seven hundred sixty three thousand, seven hundred and forty-five dollars, for lamps and gas. It then provides as follows: "The said several sums shall be applied only to the objects and purposes for which the same are hereby appropriated, and neither said corporation, nor any member or officer thereof, nor any department, or head of department, or other official, shall incur any liability for any of the objects and purposes specified, to an amount beyond the sums so appropriated." And again: "The mayor, aldermen, and commonalty of the city of New York shall not be liable upon any contract made, or expenditure authorized, or liability incurred by any board, depart-

ment, or officer of said corporation, for any object or purpose which is not expressly authorized by this act, nor for any contract made, or expenditure authorized, or liability incurred by any board, department, or officer of said corporation, for any object or purpose named in this act, beyond the amount appropriated to such specific object or purpose."

I do not understand it to be claimed, that these provisions of the act are unconstitutional. There are then but two questions, viz :

1. Does a proper construction of the act prohibit the defendants from making the contract in question ?

2. If it does, are the consequences of making such contract sufficient to call for a preventive remedy ?

That the first question requires an affirmative answer, seems to be almost too clear to admit of argument. If the appropriation is made for the sole *object and purpose* of procuring the lighting of streets for *one year* only, then, as the proposed contract in question extends beyond one year, and contemplates binding the corporation to take gas for more than one year, and imposing on it a liability to pay for the use of such gas for those other years, it is prohibited under the clause declaring that the corporation "shall not be liable upon any contract made, or expenditure authorized, or liability incurred * * * * *for any object or purpose not expressly authorized by this act."*

If the appropriation is to be regarded as not limited to procuring gas for one year only, but is intended to authorize the procuring of so much gas as can be procured for that amount, without any limit as to the time within which it shall be supplied, then, as this proposed contract contemplates rendering the corporation liable for a much larger sum than that appropriated, it is prohibited under the clause declaring that the corporation " shall not be liable for any contract made, or expenditure authorized, or liability incurred * * * * *for any object or purpose named in this act,*

*beyond the amount appropriated to such specific object or purpose.*"

It may be that the attention of the legislature was not called to the consideration of the question whether it might not be necessary to make a contract for the supply of gas extending over a term of years, and that if their attention had been called to the consideration of such question, provision would have been made to meet the case. But if no provision was made to meet the case, because attention was not called to the subject, it becomes simply a *casus omissus*, which the court is not bound to suffer. On the other hand, it may be that the attention of the legislature was called to the subject, and that they determined there was no necessity for a contract for longer than a year.

Whatever consequences ensue from this want of power to make a contract for a term of years, must be ascribed to the legislature. The possibility of such consequences does not authorize either the common council to transcend their powers, or this court to sanction them in so doing.

With reference to the second question, viz : are the consequences to flow from the making of this unlawful contract sufficient to call for a preventive remedy ? It is urged that if the contracts when executed will be void, no damage can arise from their execution, and consequently an injunction should not issue. This contract if made, confers rights of property, and is to last for twenty years, and the fact of its having been granted, might present embarrassments in the way of its being subsequently set aside. In *The People* v. *Mayor &c. of New York*, (32 *Barb.* 102,) it was held that under such circumstances, the preventive remedy by way of injunction, was not only lawful, but was the best and safest remedy which could be adopted.

Here the parties defendants are trustees ; their co-trustee seeks to enjoin them against committing a breach of their trust, and they come in and say, although the court shall decide that the act which we are about to do would be a

breach of our trust, yet, the court should permit us to go on and do it. Under such circumstances, even the possibility of inconvenience arising from such breach, will be sufficient to call on the court to prevent its commission.

I have not considered the question whether it is more. expedient to have gas furnished from year to year, than upon a contract for a term of years ; nor whether the terms of the proposed contract are for the best interests of the city ; as, in the view which I have taken of this case, these matters are not material to its decision.

The injunction must be continued.

[NEW YORK SPECIAL TERM, November 5, 1866. *Geo. G. Barnard,* Justice.]